# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR., | No. 2:20-CV-1453-JAM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| K. WALLACE, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff's complaint. ECF No. 1. The Court will grant Plaintiff leave to amend the defects discussed below.

## I. SCREENING REQUIREMENT

The Court must screen complaints from prisoners seeking relief against a governmental entity, officer, or employee. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement of the claim that a plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Id. at 678–79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Plaintiffs must demonstrate that each defendant personally participated in the deprivation of the plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint does not state a claim. Iqbal, 556 U.S. at 679. The complaint need not identify "a precise legal theory." Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1038 (9th Cir. 2016).

The Court must construe a pro se litigant's complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). The Court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1208 (9th Cir. 2017).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner at Mule Creek State Prison (MCSP). ECF No. 1 at 1. He brings suit against five defendants. Id. at 1–3. Plaintiff names K. Wallace, D. Martin, Macias, T. Meza, and Doe (an unknown correctional officer), as defendants. Id. Defendants are all correctional officers at MCSP. Id at 2. Meza is apparently also an appeals coordinator. Id. Plaintiff alleges violations of his rights under the First and Fourteenth Amendments to the United States Constitution, as well as violation of his rights under § 1983 itself. See id. at 4–21.

In pertinent sum, Plaintiff contends that Defendants variously retaliated against him for filing—or threatening to file—grievances complaining of their conduct. Id. Plaintiff contends that when Defendants Wallace and Martin attempted to cut his daily shower short, he threatened to

file a grievance. Id. at 5–6. In response, Wallace locked Plaintiff in the shower and threatened to search and trash his cell. Id. at 6. Martin and Macias stood nearby and did nothing. Id. Wallace, Martin, and Macias carried out their threat and searched Plaintiff's cell. Id. at 6–7. When Plaintiff returned to his cell, it was in disarray and his CD player and family photos were missing. Id. at 7. When Plaintiff filed a complaint challenging Wallace's, Martin's, and Macias' conduct, they retaliated by filing false disciplinary charges against him. Id. at 7–9.

By way of further example, Plaintiff filed an appeal challenging the false disciplinary charges. Id. at 9. During the resulting investigation, Wallace allegedly made false statements in order to deceive prison officials into denying Plaintiff's challenges to Defendants' misconduct. Id. at 9–10. Defendant Meza rejected Plaintiff's appeal. Id. at 10–11. Plaintiff appears to allege that Meza rejected his appeal in bad faith and as part of a large pattern of retaliation against him. See id. at 10–13, 19–20.

Plaintiff contends that Defendants' actions violated his First Amendment rights to file grievances free from retaliation. Id. 4, 14–19. He also claims that Defendants' alleged misconduct violated his procedural due process rights under the Fourteenth Amendment. Id. at 20. Plaintiff specifically states that Defendants violated his rights to freely make and file complaints, have his complaints investigated, and have his complaints retained for five years.[1] Id. Finally, Plaintiff claims that Defendants' alleged actions violated his rights under § 1983, apparently to be free from a conspiracy to violate his rights.[2] Id. at 21.

///

///

///

---

[1] Plaintiff, in asserting his Fourteenth Amendment claim, appears to quote California Department of Corrections and Rehabilitation (CDCR) regulations governing the processing of appeals. See ECF No. 1 at 12, 20.

[2] Plaintiff also states that he has entitlements under California Penal Code § 148.6 and Section 3391 of Title 15 of the California Code of Regulation. Id. at 21. Penal Code § 148.6, however, is a criminal statute and makes it a misdemeanor to file a false allegation of misconduct against a peace officer. Cal. Penal Code § 148.6(a)(1). The statute states that law enforcement agencies accepting allegations of misconduct must require complainants to sign a statement informing the complainant that they have the right to file a complaint but that making a false complaint is a misdemeanor. Id. § 148.6(a)(2). Section 148.6 does not provide Plaintiff any substantive rights. See id. Likewise, § 3391 does not provide Plaintiff with any substantive rights. Cal. Code Regs. tit. 15, § 3391. Section 3391 commands that prison employees be courteous and professional with inmates and others and governs complaints of peace officer misconduct filed by non-inmates. See id.

## III. DISCUSSION

For the purposes of screening under § 1915A, the Court finds that Plaintiff has adequately alleged First Amendment claims against Wallace, Martin, Macias, and Meza. Because Plaintiff challenges Defendants' allegedly retaliatory actions insofar as they interfered with his ability to file grievances, the Court construes Plaintiff's Fourteenth Amendment claim as a further First Amendment claim. See id. at 20. So construed, the claim is cognizable. Plaintiff, however, cannot state a claim arising from § 1983 itself. Nor does Plaintiff state a claim against Defendant Doe. So far as the Court can tell, there are no allegations concerning Defendant Doe.

**A. Section 1983 Provides a Cause of Action, Not Substantive Rights:**

Plaintiff's claim of a discrete violation of his rights under § 1983 cannot proceed. Section 1983 not itself a source of substantive rights. Albright v. Oliver, 510 U.S. 266, 271 (1994); Sampson v. County of Los Angeles, 974 F.3d 1012, 1018 (9th Cir. 2020); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012). Rather, § 1983 is a vehicle for vindicating rights "elsewhere conferred." Sampson, 974 F.3d at 1018. Specifically, § 1983 provides a private right of action against individuals acting under color of state law who violate federal constitutional or statutory rights. Hall, 697 F.3d at 1068. To state a claim under § 1983, plaintiffs must plausibly allege that they suffered a deprivation of a federally protected right and that the deprivation was caused by a person acting under color of state law. Sampson, 974 F.3d at 1018.

Plaintiff states other viable claims for violation of his First Amendment rights. Plaintiff permissibly brings an action for those violations via § 1983. But insofar as Plaintiff contends that Defendants violated rights that § 1983 itself provides, Plaintiff's claims cannot proceed. Section 1983 provides no such rights in itself.

**B. There Are No Allegations Concerning Defendant Doe:**

Although Plaintiff names an unknown Defendant Doe in his complaint, so far as the Court can tell there are no allegations against that person. See ECF No. 1 at 4–13. At present, then, Plaintiff does not state any grounds for relief against Does.

///

///

First, a complaint must provide each defendant with fair notice of a plaintiff's claims and the grounds upon which they rest. Twombly, 550 U.S. at 555. A complaint must contain sufficient factual information to permit the Court to conclude that a defendant is liable for the alleged misconduct. Ashcroft, 556 U.S. at 678–79; Moss, 572 F.3d at 969. Plaintiff's complaint does not provide fair notice to Doe of what Plaintiff's claims (if any) against Doe are. Nor does the complaint contain enough information for the Court to conclude that Doe—or any other person other than the named defendants—is liable for the misconduct that Plaintiff has alleged.

Second, as stated above, to state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Sampson, 974 F.3d at 1018; Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1152, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)); see Lacey v. Maricopa Cty., 693 F.3d 896, 915 (9th Cir. 2012). But, although personal participation is sufficient, it is only one predicate for liability under § 1983. Johnson; 588 F.2d at 734; see Lacey, 693 F.3d at 915. "The requisite causal connection may [also] be established when a state official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.3d at 734). This standard of causation resembles the typical "foreseeability" formulation of proximate cause. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

In sum, then, there can be no liability under 42 U.S.C. § 1983 unless there is an adequate link or connection between a defendant's actions and the claimed deprivation. See, e.g., Arnold, 637 F.2d at 1355; Johnson, 588 F.2d at 743; see also Harper, 533 F.3d at 1026; Preschooler II, 479 F.3d at 1183. A plaintiff must show that a defendant was the actionable cause of a claimed

1 injury. Harper, 533 F.3d at 1026. Vague and conclusory allegations of official participation in a
2 civil rights violation are unsatisfactory. Litmon v. Harris, 768 F.3d 1237, 1241 (9th Cir. 2014); Ivey
3 v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

4       Plaintiff does not appear to discuss Defendants Doe. Accordingly, Doe cannot be
5 liable under § 1983 because Plaintiff does not adequately connect them to any alleged deprivation.
6 The Court will grant Plaintiff an opportunity to amend.

### III. CONCLUSION

8       Because it is possible that some of the deficiencies identified in this order may be
9 cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the
10 entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is
11 informed that, as a general rule, an amended complaint supersedes the original complaint. See
12 Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to
13 amend, all claims alleged in the original complaint which are not alleged in the amended complaint
14 are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends
15 the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended
16 complaint complete. See Local Rule 220. An amended complaint must be complete in itself without
17 reference to any prior pleading. See id.

18       If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the
19 conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis
20 v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each
21 named defendant is involved and must set forth some affirmative link or connection between each
22 defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
23 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

24       Because some of the defects identified in this order cannot be cured by amendment,
25 Plaintiff is not entitled to leave to amend as to such claims. Plaintiff, therefore, now has the
26 following choices: (1) Plaintiff may file an amended complaint which does not allege the claims
27 identified herein as incurable, in which case such claims will be deemed abandoned and the Court
28 will address the remaining claims; or (2) Plaintiff may file an amended complaint which continues

to allege claims identified as incurable, in which case the Court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: August 4, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

7